AO 91 (Rev. 11/11) Criminal Complaint

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



FILED
10/24/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

TD

| UNITED STATES OF AMERICA | |
|---|---|
| v. | CASE NUMBER: 25 CR 694 |
| NATHAN GRIFFIN | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about October 24, 2025, at Chicago, in the Northern District of Illinois, Eastern Division, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 111(a)(1) | Forcibly assaulting, impeding, and interfering with a person designated in Title 18, United States Code, Section 1114, namely, an officer and employee of the United States, while engaged in the performance of his official duties, and in doing so, engaged in an act involving physical contact with the victim |

This criminal complaint is based upon these facts:

 X   Continued on the attached sheet.

/s/ James D. McQuinn
JAMES D. MCQUINN
Special Agent, Federal Bureau of Investigation (FBI)

Pursuant to Fed. R. Crim. P. 4.1, this Complaint is presented by reliable electronic means. The above-named agent provided a sworn statement attesting to the truth of the Complaint and Affidavit by telephone.

Date: October 24, 2025

*Judge's signature*

City and state: Chicago, Illinois

HON. KERI L. HOLLEB HOTALING
U.S. Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

## AFFIDAVIT

I, JAMES D. MCQUINN, being duly sworn, state as follows:

1. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been so employed for 3 years. My current responsibilities include the investigation of drug trafficking organizations, including but not limited to cartels, gangs, and other individuals associated with large scale narcotics trafficking.

2. This affidavit is submitted in support of a criminal complaint alleging that NATHAN GRIFFIN has violated Title 18, United States Code, Section 111(a). Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging GRIFFIN with forcibly assaulting, impeding, and interfering with a person designated in Title 18, United States Code, Section 1114, namely, an officer and employee of the United States, while engaged in the performance of his official duties, and in doing so, engaged in an act involving physical contact with the victim, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that the defendant committed the offense alleged in the complaint.

3. This affidavit is based on my personal knowledge, information provided to me by other law enforcement agents, including the U.S. Border Patrol ("USBP") agents involved in this incident, and my review of body worn camera video.

4. According to information provided by USBP Agent 1, who has been employed by USBP for approximately 5 years, and my review of USBP Agent 1's body worn camera video:

    a. On or about October 24, 2025, USBP Agent 1 was: (i) in a USBP tactical uniform which included markings on the front of his tactical vest that identified him as "POLICE" with an American flag; and (ii) in the front passenger seat of an unmarked vehicle in the area of North Broadway and West Belmont Avenue in Chicago, Illinois.

    b. USBP Agent 1 and other USBP agents were in the area looking for a body worn camera they believed might have been dropped in that area during a prior immigration related arrest.

    c. After the vehicle in which USBP Agent 1 was riding stopped on the right side of the road, USBP Agent 1 opened the front passenger door and began to exit the vehicle. After placing his right leg outside of the vehicle, USBP Agent 1 felt pain and pressure on his leg, and saw an individual, later identified as GRIFFIN, outside of his door, forcibly trying to close the door.

    d. USBP Agent 1 was able push the door open, exit the vehicle, and, with the assistance of USBP Agent 2, was able to take GRIFFIN into custody. While doing so, GRIFFIN initially refused to let go of the USBP vehicle's door handle and a nearby scaffolding and passively resisted being taken into custody.

  e. I observed on body worn camera video that as GRIFFIN was taken into custody, he stated to USBP agents: "I didn't assault anybody. . . Shutting a door isn't a fucking crime."

  f. As a result of GRIFFIN closing the door on USBP Agent 1's leg, USBP Agent 1 received a small gouge and scrapes on his right leg. The image below is of the injury to USBP Agent 1's leg.



  5. Following his arrest, GRIFFIN identified himself as NATHAN GRIFFIN.

6. For the forgoing reasons, I respectfully submit that there is probable cause to believe that defendant NATHAN GRIFFIN forcibly assaulted, impeded, and interfered with an officer of the United States, as designated in Title 18, United States Code, Section 1114, more specifically, USBP Agent 1, while the agent was engaged in the performance of his official duties, and in doing so, engaged in an act involving physical contact with USBP Agent 1, in violation of Title 18, United States Code, Section 111(a)(1).

FURTHER AFFIANT SAYETH NOT.

/s/ James D. McQuinn
JAMES D. MCQUINN
Special Agent, Federal Bureau of Investigation

SWORN TO AND AFFIRMED by telephone October 24, 2025.

_____
HON. KERI L. HOLLEB HOTALING
United States Magistrate Judge

4